**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Dr. Elizabeth Muennich, *et al.*,

    Plaintiffs,

        v.                              Case No. 1:11cv187

SimplexGrinnell LP,                Judge Michael R. Barrett

    Defendant.

**ORDER**

This matter is before the Court on Third Party Defendant RTF Fire Protection LLC's ("RTF") Motion to Dismiss. (Doc. 36.) Plaintiff Motorists Mutual Insurance Company ("Motorists") has filed a Partial Opposition to RTF's Motion (Doc. 37) and also has filed a Cross-Motion to Dismiss its claims under Rule 41(a)(2) (Doc. 39). Defendant SimplexGrinnell LP ("Simplex") also filed a Response in Opposition to RTF's Motion. (Doc. 40.) RTF then filed a Reply. (Doc. 41.)

This consolidated case arises out of an incident where the sprinkler system in the office of Plaintiff Dr. Elizabeth Muennich suddenly turned on and flooded her office space. Dr. Muennich brought a claim for negligence against Simplex. Simplex is claimed to have designed, installed, and serviced the sprinkler system in Dr. Muennich's office. Simplex then filed a Third Party Complaint against RTF, contending that RTF performed work on the sprinkler system to accommodate the conversion of the property into office space for Dr. Muennich, and also performed inspection and testing of the system. Simplex seeks indemnification and contribution from RTF.

Plaintiff Motorists is the subrogee of AP Real Estate, LLC, who owned the real property where Dr. Muennich's office was located. Motorists also brought a claim against Simplex for

negligence. Simplex filed another Third Party Complaint against RTF. Motorists then filed a direct claim against RTF under Federal Rule of Civil Procedure 14(a)(3).

This Court's jurisdiction is based solely on diversity of citizenship. In its Motion to Dismiss, RTF argues that Motorists' Rule 14(a)(3) Complaint against RTF destroys diversity jurisdiction since both parties are Ohio corporations. RTF argues that all the claims brought by Motorists must be dismissed.

In its Response to RTF's Motion and its Rule 41(a)(2) Motion to Dismiss, Motorists concedes that this Court does not have jurisdiction over its direct claims against RTF, but argues that only its Rule 14(a) Complaint should be dismissed and its original claims against Simplex should remain.

In an action based on diversity of citizenship, any claim asserted by the original plaintiff against a third-party defendant must have an independent jurisdictional basis. *See* 28 U.S.C. § 1367(b); *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365 (1978). However, this Court sees no basis for dismissing the original claims Motorist has brought against Simplex, which are properly before this Court. Similarly, this Court sees no reason to bar Motorists from dismissing its Rule 14(a) claims against RTF.

Based on the foregoing, Third Party Defendant RTF's Motion to Dismiss (Doc. 36) is **DENIED**; and Plaintiff Motorists Cross-Motion to Dismiss its claims under Rule 41 (a)(2) (Doc. 39) is **GRANTED**. Plaintiff Motorists' claims against Third Party Defendant RTF, set forth in Motorists' Rule 14(a)(3) Complaint (Doc. 20), shall be dismissed without prejudice.

**IT IS SO ORDERED.**

    *s/Michael R. Barrett*
Michael R. Barrett
United States District Judge